UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSE FELIX DELGADILLO                                                                                    PETITIONER

v.                                                                              CIVIL ACTION NO. 3:09CVP-556-S
                                                                                CRIMINAL ACTION NO. 3:06CR-50-S

UNITED STATES OF AMERICA                                                                             RESPONDENT

## MEMORANDUM OPINION AND ORDER

The petitioner, Jose Felix Delgadillo, filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction for conspiracy to possess and distribute cocaine, or in the alternative, to have the court resentence him. The matter was referred to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation. The matter is now before this court for review of the magistrate's report and for consideration of the objections of Delgadillo thereto.

The sentence of Delgadillo's co-defendant, Mario Compean, was vacated and the matter remanded by the 6th Circuit for resentencing, with the directive that the court give due consideration to the factors set out in 18 U.S.C. §3553(a) when resentencing him. Compean's original sentence was 235 months.

Delgadillo's counsel did not challenge his 188-month sentence on §3553(a) grounds. Since Compean was successful in getting his case remanded for resentencing, Delgadillo now urges in this collateral attack under 28 U.S.C. § 2255 that his counsel was ineffective for not raising the same argument as Compean on appeal. Delgadillo urges that since the district court conducted the same analysis in imposing Delgadillo's sentence as in imposing Compean's, the Sixth Circuit would also have found Delgadillo's sentence unreasonable.

The magistrate judge concluded that simply because Compean had obtained remand did not mean that the issue would necessarily have been decided similarly for Delgadillo. He then went

through the sentencing record and determined that the court had considered all of the § 3553(a) factors in reaching the sentence of 188 months. The Sixth Circuit has stated that "there is no requirement that the court engage in a ritualistic incantation of the factors it considers." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005)(*quoting*, *United States v. Washington*, 147 F.3d 490, 491-92 (6th Cir. 1998)). The magistrate judge noted that Delgadillo's counsel did not raise any objection after the district court made its findings at sentencing. The magistrate judge concluded that it was within sound professional judgment of counsel to make the "winner take all" argument of insufficient evidence, rather than raise the sentencing issue (*citing*, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In his objection to this conclusion, Delgadillo simply restates that had the same argument been raised on his behalf, it would have yielded the same result for both defendants on appeal. The court finds no error in the magistrate judge's analysis of the district court record with respect to the sentencing of Delgadillo.

Delgadillo also argues that his counsel was ineffective for failing to challenge more fulsomely on appeal the district court's denial of his FRE 608(b) request for production of documents. Delgadillo challenged the district court's denial with respect to the application of the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). He did not articulate a challenge with respect to FRE 608, and the Court of Appeals found that Delgadillo had waived that ground for appeal (*US v. Delgadillo*, p.8, n. 2). Delgadillo now asserts that his counsel should have pursued the denial of documents on the ground that if they contained material evidencing untruthfulness by either of the key witnesses, Harris or Gonzalez-Bautista, Delgadillo could have pursued this point on cross-examination and the jury might have questioned the credibility of those witnesses.

In considering this argument, the magistrate judge noted that both Harris and Gonzalez-Bautista were extensively cross-examined at trial. Harris' prior criminal history and Gonzalez-Bautista's involvement in the charged crimes were made known to the jury. The district court

reviewed the documents at trial and denied Delgadillo's request for production. There is only Delgadillo's suggestion that if the documents contained evidence of untruthfulness, he could have made use of it. The magistrate judge concluded that the use of any such information, if it existed, would have been extremely limited on cross-examination (*see, United States v. Frost*, 914 F.2d 756, 767-68 (6th Cir. 1990)), and would have added little to the extensive cross-examination of record. The magistrate judge also concluded that the impact of such testimony would not have tipped the scales in Delgadillo's favor, in view of the strength of the United States' case against him. We find no error in this conclusion. The court will adopt the magistrate judge's findings and conclusions on this point.

Based upon the foregoing, the court concludes that Delgadillo has failed to satisfy the two-prong test to establish ineffective assistance of counsel - that his counsel's performance was deficient and that he suffered substantial prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 696 (1984). Delgadillo's petition must therefore be denied.

The magistrate judge recommended that the court grant Delgadillo a certificate of appealability, stating that he had made a sufficient showing of the possible denial of a constitutional right such that reasonable jurists could debate the two ineffective assistance issues raised. Magistrate's Report, pp. 20-21. However, the court concludes that Delgadillo has wholly failed to make a substantial showing that his habeas corpus petition contains a valid claim of the denial of a constitutional right, in satisfaction of the requirement of 28 U.S.C. § 2253(c)(2). The court does not find that either the FRE 608 issue or the §3553(a) sentencing factors issue raises a close question. Therefore, we do not accept the magistrate judge's recommendation with respect to this point.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The objections of the petitioner, Jose Felix Delgadillo, are **OVERRULED.**

2. The Findings of Fact, Conclusions of Law, and Recommendation that the petition of Jose Felix Delgadillo pursuant to 28 U.S.C. § 2255 be dismissed is **ACCEPTED AND ADOPTED IN ITS ENTIRETY, except with respect to the recommendation concerning issuance of a certificate of appealability which is rejected,** and the petition is **DISMISSED WITH PREJUDICE.**

3. The court having found that the petitioner has failed to make a substantial showing in satisfaction of 28 U.S.C. § 2253(c) that his habeas corpus petition contains a valid claim of the denial of a constitutional right, a **CERTIFICATE OF APPEALABILITY SHALL NOT ISSUE.**

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**

December 23, 2009

**Charles R. Simpson III, Judge**
**United States District Court**