UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSE FELIX DELGADILLO                                              MOVANT/DEFENDANT

v.                                                    CRIMINAL ACTION NO. 3:06-CR-00050-CRS

UNITED STATES OF AMERICA                                            RESPONDENT/PLAINTIFF

### **MEMORANDUM OPINION**

This case is before the Court on Defendant Jose Felix Delgadillo's ("Defendant") Motion for a New Trial pursuant to Fed. R. Crim. P. 33(b) (DN 263). For the reasons set forth below, the Court will deny the motion for a new trial.

On March 2, 2007, Defendant was convicted by a jury of conspiracy to possess cocaine with the intent to distribute. (DN 117). Over six years later, on August 26, 2013, Defendant filed the present motion for a new trial based on newly discovered evidence. (DN 263). Because Fed. R. Crim. P. 33(b)(1) provides that "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," Defendant's motion is untimely unless he can justify an extension of the three-year period based on "excusable neglect" under Fed. R. Crim. P. 45(b)(1)(B).

Defendant argues that an extension is warranted because his attorney failed to provide him with copies of the transcripts from his trial and sentencing until almost five years after his conviction. Although the Sixth Circuit has recognized ineffective assistance of counsel as a proper ground for granting an extension under Fed. R. Crim. P. 45(b)(1)(B), *see United States v. Munoz*, 605 F.3d 359, 369–71 (6th Cir. 2010), Defendant has failed to cite any authority to

support his claim that his attorney's failure to provide him with transcripts of his trial and sentencing (at which Defendant was personally present) constituted ineffective assistance of counsel. Without more, Defendant's conclusory assertion that his attorney's assistance was ineffective cannot justify an extension based on "excusable neglect" under Fed. R. Crim. P. 45(b)(1)(B). Thus, Defendant's Motion for a New Trial is time-barred by Fed. R. Crim. P. 33(b)(1) and therefore must be denied.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

October 21, 2013

cc: Counsel of Record
    Defendant Jose Felix Delgadillo