UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSE FELIX DELGADILLO                                    MOVANT/DEFENDANT

v.                                         CRIMINAL ACTION NO. 3:06-CR-00050-CRS

UNITED STATES OF AMERICA                           RESPONDENT/PLAINTIFF

## **MEMORANDUM OPINION**

This case is before the Court on Defendant Jose Felix Delgadillo's ("Defendant") Motion to Reconsider our denial of his previous Motion for a New Trial (DN 270). For the reasons set forth below, the Court will deny the motion to reconsider.

In our Memorandum Opinion denying Defendant's Motion for a New Trial, we held that the motion was time-barred under Fed. R. Crim. P. 33(b)(1)'s provision that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." *See* (Memorandum Opinion, DN 270, at 1–2). Because Defendant's Motion for a New Trial was filed more than six years after his conviction, his only hope of avoiding procedural default required that he justify an extension of the three-year limitations period based on "excusable neglect" pursuant to Fed. R. Crim. P. 45(b)(1)(B). In attempting to do so, Defendant argued that his motion would not have been belatedly filed absent his attorney's failure to provide him with copies of the transcripts from his trial and sentencing until almost five years after his conviction. However, because Defendant failed to cite any authority to support his claim that his attorney's failure to provide him with transcripts of his trial and sentencing constituted ineffective assistance of counsel, we found his "excusable neglect"

argument unavailing and thus held that his motion was time-barred under Fed. R. Crim. P. 33(b)(1).

In his Motion to Reconsider, Defendant cites the U.S. Supreme Court's decision in *Britt v. North Carolina*, 404 U.S. 226 (1971), in support of his argument that his attorney's failure to provide him with trial and sentencing transcripts constituted ineffective assistance of counsel. In *Britt*, the Court held that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt*, 404 U.S. at 227. According to Defendant, because the state is required to provide indigent defendants with transcripts, "private paid attorneys must be subject to the same requirement, and must provide their clients with copies of trial and sentencing transcripts that are needed for an effective defense or appeal during their representation." (Mot. for Reconsideration, DN 274, at 2). Importantly, however, *Britt* speaks only to the obligation of *the state* to provide transcripts to indigent defendants as a matter of equal protection, and in no way addresses the obligation of a defendant's *counsel* to do so as a matter of providing effective assistance of counsel. Thus, despite his best efforts, Defendant has once again failed to demonstrate that his attorney's failure to provide him with copies of his trial and sentencing transcripts constituted ineffective assistance of counsel.

Defendant next attempts to justify an extension by arguing that "he tried to obtain the transcripts for over 5 years from his attorney" and therefore clearly "exercis[ed] due diligence." (Def.'s Reply to Government's Response to Mot. for Reconsideration, DN 279, at 3). However, Defendant never explains why he did not make an independent effort to obtain the transcripts by requesting them either directly from the Court, the court reporter, or otherwise. Surely if Defendant had been "exercising due diligence" he would have pursued such alternative avenues

rather than idly waiting more than five years for his attorney to honor his request. Accordingly, his failure to do so precludes him from justifying an extension based on "excusable neglect" pursuant to Fed. R. Crim. P. 45(b)(1)(B).

For these reasons, Defendant cannot justify an extension of Fed. R. Crim. P. 33(b)(1)'s three-year limitations period and Defendant's Motion to Reconsider must therefore be denied.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

December 30, 2013